IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARL TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3060 |
| | ) | |
| MS. LYNCH, TARRY WILLIAMS, | ) | |
| SANDRA FUNK, S.A. GODINEZ, | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff proceeds pro se from his incarceration in Western Illinois Correctional Center.  He pursues an Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm to his mental health and physical safety arising from his placement at Western Illinois Correctional Center in light of Plaintiff's alleged gender identity disorder.  Plaintiff also states an Eighth Amendment claim that the failure to protect Plaintiff effectively imposes inhumane conditions of confinement because Plaintiff must avoid showering, eating, and visiting the yard and gym to stay safe, and a First Amendment claim that he cannot go to

church because of the failure to protect him. An equal protection claim is also arguably stated.

Plaintiff has filed a motion for a preliminary injunction seeking a transfer to Dixon Correctional Center or Centralia Correctional Center, where Plaintiff believes he will be safer from sexual harassment, sexual assault, and attacks.  He also believes that he will be able to obtain the mental health treatment he needs at Dixon Correctional Center.

A hearing on Plaintiff's preliminary injunction was held on March 20, 2013.  Plaintiff, Warden Tarry Williams, and Major Ruiz appeared by video conference from Western Correctional Center. Illinois Assistant Attorney General Terence Corrigan appeared in person.

The Court denies Plaintiff's motion for a preliminary injunction.  The Court makes the findings below for purposes of this order only.

"[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." <u>Girl Scouts of Manitou Council, Inc. v.  Girl Scouts of U.S. of America</u>, 549 F.3d 1079, 1085 (7th Cir. 2008)(quoted cites and

internal quotation marks omitted). "'To win a preliminary injunction, a party must show that it has (1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits.'" ACLU v. Alvarez, 679 F.3d 583, (7th Cir. 2012)(quoted cite omitted). After this threshold showing, the potential harms to the parties and public are weighed. Id.

After hearing all the testimony, the Court concludes that Plaintiff has not met his burden of showing that he has some likelihood of success on his claims or that he will suffer irreparable harm if his request for a transfer is denied.

The Court does not doubt Plaintiff's testimony that he is repeatedly sexually harassed by inmates propositioning him or that other inmates have threatened Plaintiff because Plaintiff has been labeled a snitch. The Court also does not doubt Plaintiff's testimony that when Plaintiff showers, he is accosted by other inmates wanting sex and who become sexually aroused. As the Court noted at the hearing, though Plaintiff is over six feet tall, Plaintiff appears slight of stature. Plaintiff also exhibits effeminate behaviors, which make him more vulnerable in the prison setting.

However, Warden Williams and his staff have taken Plaintiff's fears seriously. Warden Williams has and continues to enlist staff in the health care, internal affairs, and mental health to address Plaintiff's issues. Plaintiff has been placed on the safest wing in the prison. This wing houses inmates who are responsible and trustworthy enough to hold top prison jobs. Common areas at the prison like the cafeteria, day room, yard, and library are supervised. The only unsupervised area is the shower room, which is part of the day room. Warden Williams agreed at the hearing to allow Plaintiff to shower by himself, outside of the regular shower times. Plaintiff agreed not to enter or take a shower during regular shower times.

Major Ruiz has reviewed the entire prison population to identify safe cellmates for Plaintiff. Ruiz identified an appropriate cellmate, inmate Pleasant, who was significantly smaller than Plaintiff, was incarcerated for a non-violent offense, and was not affiliated with a gang. Pleasant was approved as Plaintiff's cellmate by mental health staff. However, according to Ruiz, Plaintiff contended that Pleasant was a gang member, and Plaintiff asked to be celled with an inmate Anderson, who is significantly larger than Plaintiff, is a gang member, and is incarcerated for a violent offense.

Plaintiff testified that gang members made Pleasant request a move out of Plaintiff's cell, but Plaintiff's testimony is hearsay, vague and unpersuasive.

Additionally, Defendants presented testimony which tends to discredit Plaintiff's testimony. Major Ruiz has observed Plaintiff going about Plaintiff's normal routine, regularly outside his cell and speaking with inmates in the day room. Plaintiff admits that he attends the library, the day room, the commissary, and recently voluntarily attended a "call line" with inmates from all over the prison, where inmates waited in line to discuss personal concerns with an administrator. Further, Defendants testified that Plaintiff is a validated gang member, incarcerated for murder. Plaintiff asserts that he has been trying to renounce his gang membership, but Plaintiff's testimony on this was vague and confusing. Plaintiff also admitted that the inmates who have sexually harassed him did not touch him. Plaintiff testified that he weighed 142 pounds when he entered prison in 2002 and now weighs about 165 pounds, which suggests that he is receiving adequate nutrition despite his avoidance of the cafeteria.

Additionally, Plaintiff has not demonstrated that he will actually be safer, mentally or physically, in a different prison. Plaintiff does not dispute that mental health professionals recommend against placing Plaintiff in a single cell because that isolation increases Plaintiff's suicide risk. Plaintiff agreed that he should not be placed in a single cell. Plaintiff does not dispute that a maximum security prison, which has protective custody, would be detrimental to his mental health. Plaintiff's belief that Dixon Correctional Center or Centralia Correctional Center will be better is based on what other inmates have told him, not on any personal experience or admissible evidence. Warden Williams testified that he was not aware of any separate building for vulnerable inmates at Centralia Correctional Center. In short, on this record, the Court agrees with Warden Williams that Plaintiff is probably safer at Western than at a different medium security prison, given Defendants' familiarity with Plaintiff's situation and Defendants' commitment to addressing that situation.

Plaintiff's motion for preliminary injunction will be denied. However, the Court remains concerned about Plaintiff's welfare.

Therefore, this case will be set for an expedited disposition of the preliminary injunction and trial.

IT IS ORDERED:

    1) Plaintiff's motion for a preliminary injunction/temporary restraining order is denied (d/e 3).

    2) Plaintiff's motion to compel the prison to produce Plaintiff's trust fund statement is denied (d/e 5) as unnecessary. The clerk will obtain Plaintiff's trust fund information.

    3) Plaintiff's motion for the appointment of counsel is denied (d/e 13). Plaintiff demonstrated at the preliminary injunction hearing that Plaintiff is a skilled communicator and well versed in the applicable law. Additionally, Plaintiff has some experience litigating in federal court, according to the Court's computerized records (PACER). Plaintiff can testify personally to the threats and harassment he is experiencing and has already identified relevant documentary evidence and witnesses. On this record, Plaintiff appears competent to proceed pro se in light of the nature of his claims.

    4) **Defendants are directed to return signed waivers and file their Answers by April 19, 2013.**

5) Discovery closes June 28, 2013.

6) A final pretrial conference is set for July 16, 2013 at 1:30 p.m. by video. Counsel shall appear in person.

7) Jury selection and trial are set for August 13, 2013 at 9:00 a.m. If the jury finds in Plaintiff's favor on the merit of Plaintiff's claims, the Court will then consider the injunctive relief that should be awarded to remedy the constitutional violations. If the jury finds against Plaintiff, the Court will not consider Plaintiff's request for injunctive relief.

**8) The Court Reporter is directed to prepare and file a transcript of the preliminary injunction hearing.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) By March 25, 2013, send waivers of service to Defendants pursuant to the standard procedures, along with a copy of this order.

2) Send a copy of this order to Illinois Assistant Attorney General Robert Fanning.

3) Fax a copy of this order to Plaintiff and Defendants.

4) Send a copy of this order to the Court Reporter.

ENTER:  March 21, 2013

FOR THE COURT:

                                            **s/Sue E. Myerscough**
                                            SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE