E-FILED
Friday, 14 November, 2014 11:12:29 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARL TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3060 |
| | ) | |
| TARRY WILLIAMS, et al., | ) | |
| | ) | |
| Defendant, | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

A conference was held on November 10, 2014, regarding the request to withdraw from Dr. Koko's counsel (204, 206), and the letter received by the Court from Plaintiff (205). Dr. Koko appeared by phone. Dr. Koko's counsel appeared in person and by phone.

The Court held an in camera discussion with Dr. Koko and his counsel. Dr. Koko's counsel could not work with Dr. Koko in order to file an Answer. At the conference, the Court granted the motion to withdraw by Dr. Koko's counsel.

The Court has granted several extensions for Dr. Koko to file his Answer, the last extension to November 7, 2014. Yet, Dr. Koko has still not filed an Answer, even though he first appeared through

counsel almost nine months ago.  Dr. Koko indicated at the status hearing that he would obtain new counsel today, but this remains to be seen.

Dr. Koko's desire to hire different counsel does not excuse his failure to file an Answer.  No Answer from Dr. Koko appears to be forthcoming.  Accordingly, default will enter against Dr. Koko pursuant to Federal Rule of Civil Procedure 55(a), which provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Plaintiff's counsel may apply for a default judgment pursuant to the procedures in Federal Rule of Civil Procedure 55(b). Dr. Koko's counsel argued for an extension for Dr. Koko to find new counsel, but the Court does not have confidence that Dr. Koko will diligently try to find counsel, much less get an Answer on file.

Dr. Koko's counsel also asserted that 42 U.S.C. Section 1997e(g) prohibits the entry of default unless the Court finds that the claim against Dr. Koko has substantial merit.  This section provides:

1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

This Court has already required Dr. Koko to file an Answer and has already found that Plaintiff has a reasonable opportunity to prevail on the merits against Dr. Koko. After the second preliminary injunction hearing in which Dr. Koko testified, the Court noted in its order that "[a]n inference of deliberate indifference also arises against Dr. Koko and others who have refused Plaintiff's requests for treatment for her gender identity disorder." (d/e 91, p. 18.) Plaintiff's counsel was given leave to file an amended complaint, and the amended complaint added Dr. Koko as a Defendant. Additionally, the Court denied Dr. Koko's motion to dismiss. (9/5/2014). Further, Dr. Koko has never indicated an intent to waive the filing of an Answer, which would

presumably also waive Dr. Koko's ability to assert affirmative defenses.

The other matters discussed at the hearing regarded Plaintiff's letter about Defendant Snyder and the counseling available to Plaintiff.  Attorney Fanning will look into whether Defendant Snyder's work assignments allow Snyder to come into contact with Plaintiff.  Defendant Snyder is ordered not to interact with Plaintiff.  Mr. Fanning will also look into the professional qualifications of the individuals taking over the responsibility for conducting group and individual counseling.  Plaintiff is directed to follow the internal procedures available to obtain counseling.  Plaintiff is reminded that his communications to the Court must come through his attorneys.

**IT IS ORDERED:**

1) The motion to supplement and motion to withdraw filed by Dr. Koko's counsel are granted (204, 206).
2) By November 26, 2014, Dr. Koko, on his own or with new counsel, may file a motion to set aside the entry of default. *See* Fed. R. Civ. P. 55(c); Hood v. Menard Tactical Team, 2010 WL 1416108 (S.D. Ill. 2010).  A motion to set aside

shall attach Dr. Koko's Answer to the Second Amended Complaint.

3) Pursuant to the Court's 10/27/2014 order granting Dr. Koko until November 7, 2014, to file his Answer, Dr. Koko's prior motions for an extension are denied as moot (198, 202).

4) By December 1, 2014, Mr. Fanning shall notify the Court regarding his inquiries about Defendant Snyder and the counselors.

5) **The clerk is directed to terminate Dr. Koko's counsel Andrew Ramage and Adam Guetzow.**

6) **The clerk is directed to add Dr. Koko's address and phone number to the docket, if not already done.**

7) **The clerk is directed to enter default against Dr. Koko.**

8) **This case is referred to Magistrate Judge Schanzle-Haskins to conduct mediation by December 15, 2014.** The attorneys who will try the case shall attend the mediation along with Dr. Koko, if Dr. Koko is not represented by counsel. Individuals with final settlement authority shall attend or be readily available by phone.

9) **The clerk is directed to mail and fax this order to Dr. Koko.**

ENTERED: November 14, 2014

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
